# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

                Plaintiff,             :        Case No. 1:03-cr-092  & 1:06-cv-181

                                                    District Judge Susan J. Dlott

      -vs-                                Chief Magistrate Judge Michael R. Merz

                            :

RODNEY BEA,

                Defendant.

## REPORT AND RECOMMENDATIONS

This case is before the Court on Defendant's Motion to Vacate pursuant to 28 U.S.C. § 2255, a method of collateral attack on final criminal judgments provided to federal prisoners in lieu of habeas corpus (Doc. No. 69).

Defendant's request to discharge his prior attorney (Doc. No. 73) is granted, but the further request to appoint new counsel is denied since 18 U.S.C. §3006A requires appointment of counsel in §2255 cases when an evidentiary hearing is ordered.

Defendant pleads the following grounds for relief:

> **Ground One:** Whether the government breached the plea agreement when the petitioner was enhanced under 2D1.1.
>
> **Supporting Facts:** In the case at law, the petitioner states that the government breached the plea agreement as understood by the petitioner when at sentencing the government enhanced his sentence based on factors outside his plea agreement under 2D1.1
>
> **Ground Two:** Whether the petitioner was denied effective counsel when his counsel failed to object to the plea agreement.
>
> **Supporting Facts:** In the case at hand, counsel failed to object to the breach of the plea agreement at sentencing and denied the petitioner

effective assistance of counsel.

**Ground Three:** Whether the petitioner was denied effective counsel when counsel failed to file Notice of Appeal as requested.

**Supporting Facts:** In the case at hand, the petitioner states that he told his counsel to file a Notice of Appeal and this was based on the government's breach of the plea agreement as requested.

(Motion, Doc. No. 69, at 4.)

## Procedural History

Defendant was indicted on one count of conspiracy to distribute crack cocaine in excess of five grams (Count 1), one count of distributing crack cocaine (Count 2), and one count of distributing in excess of five grams of crack cocaine (Count 3)(Doc. No. 12). Represented by retained counsel, he negotiated a Plea Agreement under which he would plead guilty to Count 2 and the other two counts would be dismissed (Doc. No. 45).

The Plea Agreement was accepted by the Court and the Probation Department prepared a Presentence Investigation Report on application of the Sentencing Guidelines, to which Defendant objected (Doc. No. 49). As it had agreed to do, the United States filed a Sentencing Memorandum recommending a reduction of three levels on the offense side of the Guidelines calculation, resulting in a sentencing range of 51 to 63 months (Doc. No. 58). This was substantially below the Guideline range of 70 to 87 months calculated by the Probation Department. When finally imposing sentence, Judge Dlott departed below the Guideline range and imposed a sentence of 46 months (Judgment, Doc. No. 66). Defendant's timely Motion under 28 U.S.C. §2255 attacks this judgment.

## Analysis

### Generally Applicable Law

A prisoner seeking relief under 28 U.S.C. § 2255 must allege either "(1) an error of

constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid" *Mallett v. United States*, 334 F. 3d 491, 496-97 (6th Cir. 2003).To obtain relief under 28 U.S.C. §2255, a defendant must establish the denial of a substantive right or defect in the trial that is inconsistent with the rudimentary demands of fair procedure. *United States v. Timmreck,* 441 U.S. 780, 99 S. Ct. 2085, 60 L. Ed. 2d 1634 (1979); *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990)(*per curiam*). Relief under 28 U.S.C. § 2255 is available when a federal sentence was imposed in violation of the Constitution or laws of the United States or the trial court was without jurisdiction or the sentence is in excess of the maximum sentence allowed by law, or is "otherwise subject to collateral attack." *United States v. Jalili,* 925 F.2d 889, 893 (6th Cir. 1991). Apart from constitutional error, the question is "whether the claimed error was a 'fundamental defect which inherently results in a complete miscarriage of justice,'" *Davis v. United States*, 417 U.S. 333, 346, 94 S. Ct. 2298, 41 L. Ed. 2d 109 (1974), quoting *Hill v. United States*, 368 U.S. 424, 428-429, 82 S. Ct. 468, 7 L. Ed. 2d 417 (1962). Nonconstitutional claims not raised at trial or on direct appeal are waived for collateral review except where the errors amount to something akin to a denial of due process; mistakes in the application of the sentencing guidelines will rarely, if ever, warrant relief from the consequences of waiver. *Grant v. United States,* 72 F.3d 503, 506 (6th Cir. 1996).

A motion to vacate under §2255 is not a substitute for direct appeal. *United States v. Duhart,* 511 F.2d 7 (6th Cir. 1975); *DiPiazza v. United States*, 471 F.2d 719 (6th Cir. 1973). Absent manifest injustice or special circumstances such as a change in the law, §2255 motions will be dismissed summarily if they raise claims that were or might have been asserted on direct review. Yackle, POSTCONVICTION REMEDIES, §108 (1981)*,* citing *Mars v. United States,* 615 F.2d 704 (6th Cir. 1980); *Mathews v. United States,* 11 F.3d 583 (6th Cir. 1993).

An ineffective assistance of counsel claim may be brought on direct appeal, but is preferably

brought in a 2255 motion. Procedural default doctrine does not bar the 2255 motion even if the issue could have been raised on direct appeal. *Massaro v. United States*, 538 U.S. 500; 123 S. Ct. 1690; 155 L. Ed. 2d 714 (2003); *United States v. Neuhausser*, 241 F.3d 460 (6th Cir. 2001); *United States v. Fortson,* 194 F.3d 730, 736 (6th Cir. 1999).

Petitioner's position is difficult to understand because it is based entirely on a supposed enhancement of the sentence by the Government at sentencing which somehow violated the Plea Agreement. The Plea Agreement specifically says that the Government will ask for a reduction of sentence based on substantial assistance and acceptance of responsibility and the Government did exactly that as reflected in its Sentencing Memorandum. Guideline 2D1.1 relates to quantities of drugs. There was no agreement or representation in the Plea Agreement as to any recommendations by the United States on quantities of drugs.

To the extent that Defendant is complaining that the Presentence Investigation Report stated in ¶¶ 37 and 38 that he was responsible for distribution of 16.55 grams of crack cocaine, his attorney did object to that recommendation and cannot appropriately be charged with failing to do so. In that objection, counsel asked that Defendant's offense level be set at 22 and that is precisely what happened when the Government's motion was taken into account. Then the Court reduced the sentence even further, placing it five months below the bottom of the sentencing range with an offense level of 22.

To the extent Defendant asserts he told Mr. Bennett to appeal the breach of the Plea Agreement, there is no ineffective assistance of counsel because there was no breach, or at least none that the Motion explains to the Court. Defendant got the full benefit of the Plea Agreement when the Court dismissed the two counts which carried a mandatory minimum sentence of five years, which would on either count have been fourteen months more than the sentence imposed.

Finally, assuming Defendant is claiming that there was a mistake in calculating the

Sentencing Guideline range[1],  mistakes in the application of the sentencing guidelines will rarely, if ever, warrant relief under § 2255. *Grant v. United States,* 72 F.3d 503, 506 (6th Cir. 1996).


### Conclusion


Defendant is not entitled to relief under § 2255 and his Motion to Vacate should be denied with prejudice and on the merits.  Because reasonable jurists would not disagree with this decision, he should be denied leave to appeal *in forma pauperis* and any requested certificate of appealability.

March 9, 2007.

s/ **Michael R. Merz**
Chief United States Magistrate Judge


## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations.  Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within ten days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).

---

[1]When Defendant accuses the "government" of not keeping the Plea Agreement, he may be referring to actions by the Probation Department in preparing the Presentence Report, rather than actions by the United States Attorney.